**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4079**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BREON ALSTON CURRIE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:06-cr-00338-JAB-1)

Submitted: June 14, 2012            Decided: June 19, 2012

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Breon Alston Currie appeals the district court's order revoking his supervised release and sentencing him to twenty-two months' imprisonment. On appeal, Currie argues that there was insufficient evidence to support the district court's determination that he violated his supervised release by possessing marijuana with intent to distribute. We affirm.

We review a district court's decision to revoke a defendant's term of supervised release for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). To revoke supervised release, the district court must find that the violation is supported by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West Supp. 2011). Factual findings underlying the decision to revoke are reviewed for clear error. United States v. Benton, 627 F.3d 1051, 1054 (8th Cir. 2010).

Intent to distribute a controlled substance may be proven through circumstantial evidence, such as the method of packaging. See United States v. Fisher, 912 F.2d 728, 730-31 (4th Cir. 1990). Although Currie argued that the drugs were for personal use, the investigating officer testified at Currie's revocation hearing that the drugs were packaged for sale. We conclude that the court did not clearly err in finding Currie's intent to distribute and that the revocation was supported by a preponderance of the evidence. See Anderson v. City of Bessemer

2

<u>City</u>, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>